## Commonwealth *v.* Klein, Appellant.

Argued Oct. 26, 1909.  Appeal, No. 22, April T., 1910, by defendant, from judgment of Q. S. Allegheny Co., Feb. T., 1909, No. 136, on verdict of guilty in case of Commonwealth v. John F. Klein.  Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ.  Affirmed.

OPINION BY RICE, P. J., March 3, 1910:

The questions raised on this appeal are the same as those raised on the appeal of J. C. Wasson, and with one or two exceptions the assignments of error are identical.

The judgment is affirmed and the record is remitted to the court of quarter sessions of Allegheny county with direction that the judgment be fully carried into effect, and to that end it is ordered that the defendant forthwith appear in that court and that he be by that court committed to serve and comply with such part of his sentence as had not been performed at the time this appeal was made a supersedeas.

## Commonwealth *v.* Brand, Appellant.

Argued Oct. 26, 1909.  Appeal. No. 23, April T., 1910, by defendant, from judgment of Q. S. Allegheny Co., Feb. T., 1909, No. 136, on verdict of guilty in case of Commonwealth v. William Brand.  Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ.  Affirmed.

OPINION BY RICE, P. J., March 3, 1910:

The questions raised on this appeal are the same as those raised on the appeal of J. C. Wasson, and with one or two exceptions the assignments of error are identical.

The judgment is affirmed and the record is remitted to

the court of quarter sessions of Allegheny county with direction that the judgment be fully carried into effect, and to that end it is ordered that the defendant forthwith appear in that court and that he be by that court committed to serve and comply with such part of his sentence as had not been performed at the time this appeal was made a supersedeas.

———————

# Commonwealth *v.* Klein, Appellant.

*Bribery—Councilmen—Evidence—Accomplice—Acts of March* 31, 1860, *sec.* 49, *P. L.* 382, *May* 23, 1874, *P. L.* 230.

1. The proviso in sec. 49 of the Act of March 31, 1860, P. L. 382, to the effect "that the accused shall not be convicted on the testimony of an accomplice unless the same be corroborated by other evidence, or the circumstances of the case" has no application to an indictment against a councilman under the Act of May 23, 1874, P. L. 230, for accepting bribes.

*Criminal law—Bribery—Accomplice—Evidence.*

2. No common law rule forbids a conviction upon the uncorroborated testimony of an accomplice, if his evidence satisfies the jury of the guilt of the accused beyond a reasonable doubt. It is the duty, however, of the trial judge to caution the jury as to the danger of convicting on the uncorroborated evidence of an accomplice.

*Criminal law—Bribery—Evidence—Pendency of ordinance.*

3. On the trial of an indictment against a councilman for accepting a bribe for his vote on a particular ordinance, where there is testimony that the defendant declared that councils would pass the ordinance over the mayor's veto, it is proper to admit evidence as to the pendency of the ordinance, and that it was in fact passed over the mayor's veto.

*Evidence—Competent and incompetent evidence—Review.*

4. The admission of incompetent evidence may not be a cause for reversal if it is rendered competent by other evidence at a later stage of the trial.

*Criminal law—Bribery—Accomplice—Evidence.*

5. On the trial of an indictment for bribery a witness was offered by the commonwealth for giving the bribe which the defendant was